ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII-ESPECIAL

| | | |
|---|---|---|
| DIEGO JAVIER UGOBONO DÍAZ<br><br>APELADO<br><br>V.<br><br>VANESSA MUÑIZ LÓPEZ<br><br>APELANTE | KLAN202400512 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV05430<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece la señora Vanessa Muñiz López (Sra. Muñiz López; apelante) ante este tribunal intermedio mediante el recurso de apelación de epígrafe y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). En la decisión recurrida, el TPI adjudicó que todos los bienes que componían la extinta sociedad legal de gananciales que estuvo constituida por las partes fueron liquidados y ordenó el cierre y archivo del caso. Por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado.

**I**

La Sra. Muñiz López contrajo matrimonio con el señor David Javier Ugobono Díaz (Sr. Ugobono Díaz; apelado) el 8 de junio de 2002. El vínculo matrimonial fue disuelto mediante una Sentencia emitida por la causal de ruptura irreparable el 25 de agosto de 2020.[1] Pertinente a la controversia que nos ocupa, el 7 de octubre de 2020, el Sr. Ugobono Díaz presentó una *Demanda* ante el TPI donde solicitó la liquidación de la comunidad de bienes post gananciales que surgió a raíz de la disolución del mencionado matrimonio.[2] Luego de varios trámites procesales, se señaló una vista de

---

[1] Anejo 4 del Apéndice 3 del recurso, pág. 42.
[2] Anejo 5 del Apéndice 3 del recurso, págs. 43-48.

Número Identificador

SEN2024_____

conferencia inicial para el 24 de marzo de 2021. Durante su celebración, allí se pautó la Conferencia con Antelación a Juicio para el 21 de septiembre de 2021.

El 6 de abril de 2021, la Sra. Muñiz López presentó ante el TPI una *Moción en Solicitud de Órdenes e Informativa* donde solicitó al tribunal que expidiera órdenes a distintas entidades e instituciones financieras, entre ellas la corporación DH Distributors, Inc. Esto con el propósito de obtener información sobre el negocio habido entre las partes y parte de la liquidación de bienes gananciales.[3] Al día siguiente, 7 de abril de 2021, el Sr. Ugobono Díaz presentó su oposición donde esencialmente alegó que "[l]a corporación DH Distributors, Inc. no [era] parte en el presente caso" y que "[el] demandante, la demandada y la extinta sociedad legal de gananciales, ahora comunidad de bienes, no [eran] accionistas de dicha corporación[,] por lo que no se [podía] hacer ningún descubrimiento de prueba relacionado a DH Distributors".[4] Por lo tanto, solicitó al TPI que declarara No Ha Lugar la Moción presentada por la apelante y no expidiera las órdenes solicitadas. Mediante *Orden*, el tribunal otorgó a la Sra. Muñiz López diez (10) días para presentar su réplica. La apelante no sometió escrito alguno al respecto.[5]

Así las cosas, por motivos de salud de la representante legal de la apelante, esta solicitó que se moviera la fecha de la Conferencia con Antelación a Juicio originalmente señalada para el 21 de septiembre de 2021. Como corolario de lo anterior, esta fue pospuesta y el 21 de septiembre se celebró entonces una conferencia sobre el estado de los procedimientos por acuerdo entre las partes. Según surge de la *Minuta* de la mencionada conferencia, la apelante entendía que era socia de la corporación junto a su entonces esposo, por lo que se discutió en la vista lo siguiente:

---

[3] Véanse, entrada Núm. 23 en el expediente electrónico del caso de epígrafe en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Véase SUMAC entrada Núm. 24.
[5] Véase SUMAC entrada Núm. 25.

> La otra discusión es en cuanto a una corporación. A su entender las partes eran socios de la corporación y a raíz del divorcio le fue informado que ellos no eran socios de la corporación. Por lo que, ahora se está indicando que la corporación no es ganancial. A esos efectos, solicitó se les permita realizar el descubrimiento de prueba dirigido a las cantidades de activos de la corporación para incluirlos en el inventario y avalúo de bienes. Por su parte, la licenciada Pesquera fijó su posición e indicó que la corporación DH le pertenece al papá del Sr. Diego Ugobono D[í]az. Él es el único accionista de la corporación[,] siempre le ha pertenecido a él. Las partes en este caso no tienen acciones [y] nunca compraron acciones. Además, no pertenecen a las juntas de directores, ni de accionistas. Por lo que, se opone a que la parte demanda haga un descubrimiento de prueba en cuanto a la corporación.[6]

Al respecto, el tribunal determinó que las partes debían reunirse bajo la Regla 34 de Procedimiento Civil para aclarar el asunto de descubrimiento de prueba en cuanto a los beneficios y por qué se establecieron.[7] También se señaló vista de seguimiento para el 24 de enero de 2022.[8] Llegada esta fecha en enero, las partes informaron al tribunal que tuvieron la oportunidad de discutir los asuntos pendientes del caso y que el asunto de mayor controversia entre las partes que subsistía era que el demandante reclamaba un crédito privativo de $60,000.00 que fue utilizado para la compra de un inmueble. Además de la controversia mencionada, la abogada de la Sra. Muñiz López añadió en la conferencia que también estaba en controversia la participación del matrimonio en la corporación DH Distributors, Inc.[9] El TPI señaló vista para el 31 de mayo de 2022.[10]

En la vista de seguimiento celebrada el 31 de mayo de 2022, según surge de la *Minuta*, se informó la consignación en el tribunal de la cantidad de $30,000.00 que corresponde a la mitad del crédito reclamado por el Sr. Ugobono Díaz como privativo, con la anuencia de las partes hasta tanto el tribunal resolviera el asunto de si este era de naturaleza ganancial o privativa. Adicional a otros asuntos relacionados a distintos bienes, nuevamente la abogada de la apelante informó que estaba pendiente el

---

[6] Véase SUMAC entrada Núm. 44.
[7] *Id.*
[8] *Id.*
[9] Véase SUMAC entrada Núm. 45.
[10] *Id.*

asunto de la corporación, a lo que la representación legal del apelado hizo constar que, en cuanto a la participación de la corporación, el tribunal dispuso que este asunto se tenía que ver en otro caso y que la corporación no era parte en el caso. También, que se había ordenado a la Sra. Muñiz López realizar el descubrimiento de prueba relacionado al beneficio y los términos habían vencido para ello.[11] En virtud de lo informado, el TPI dispuso dos cosas:

1. En cuanto a la mueblería del hogar y los dineros retirados en las cuentas, se instruye las representaciones legales discutir el asunto y resolver entre las partes.

2. Se instruye a las partes dialogar y presentar el memorando de derecho simultáneamente en o antes del 15 de junio de 2022 relacionado al asunto de los $30,000 consignado en el tribunal para determinar si es privativo o no.[12]

Así las cosas, el 13 de julio de 2022 el apelado solicitó al TPI una prórroga de treinta (30) días adicionales para presentar el memorando de derecho instruido por el TPI en la vista de seguimiento.[13] La extensión fue concedida por el tribunal al día siguiente 14 de julio de 2022, expresamente se le otorgó a las partes hasta el 22 de agosto de 2022.[14] No obstante, el memorando de derecho fue presentado únicamente por el apelado el 28 de noviembre de 2022.[15] Luego de esto, la parte apelante compareció el 19 de diciembre de 2022 mediante una moción en cumplimiento de orden, sin embargo, nada expuso acerca del *Memorando de Derecho* sometido por el Sr. Ugobono Díaz.

Llevados a cabo varios trámites procesales, incluyendo un recurso de *Certiorari* presentado por la apelante,[16] el TPI emitió una *Sentencia* el

---

[11] *Id.*
[12] *Id.*
[13] Anejo 16 del Apéndice 3 del recurso, págs. 142-143.
[14] Véase SUMAC entrada Núm. 52.
[15] Anejo 21 del Apéndice 3 del recurso, págs. 154-160.
[16] El TPI emitió una *Resolución* el 3 de febrero de 2023, por la cual la Sra. Muñiz López recurrió a este tribunal apelativo el 27 de marzo de 2023 mediante recurso de *Certiorari* y recibió el alfanumérico KLCE202300309.

25 de abril de 2024,[17] la cual fue enmendada mediante enmienda *Nunc Pro Tunc* donde determinó lo siguiente:

> Del expediente del presente caso surge que, mediante los procedimientos instados, se lograron liquidar todos los bienes que componían la extinta Sociedad Legal de Gananciales; y surge que, mediante Resolución del 3 de febrero de 2024 (SUMAC 63), y como resultado de la prolongada e injustificada falta de objeción de la parte demandada, este Tribunal determinó que: "el demandante Diego Javier Ugobono Díaz tiene un crédito privativo, en contra de la extinta Sociedad Legal de Gananciales que estuvo constituida entre este y la demandada Vanessa Muñiz López, por la suma total de $60,000.00".
>
> Del expediente también surge que la demandada-reconviniente desistió de su reclamo en torno a los bienes muebles y a la póliza de seguros. Por su parte, la demandada-reconviniente no logró evidenciar que ni ella y/o la extinta Sociedad Legal de Gananciales fueron accionistas de la corporación DH Distributors, Inc. - quien tampoco fue incluida como parte en este pleito.
>
> En virtud de lo anterior, y toda vez que las partes han certificado (SUMAC 96, 97 y 99) que en el presente caso no quedan asuntos pendientes para atender y/o resolver, se dicta Sentencia Final; y se ordena su cierre y archivo. Emitida en San Juan, Puerto Rico el 25 de abril de 2024; y enmendada Nunc Pro Tunc el 26 de abril de 2024 para incluir referencia a lo determinado en nuestra Resolución del 3 de febrero de 2024 (SUMAC 63).[18]

Inconforme, la Sra. Muñiz López acudió ante este foro revisor mediante el recurso de epígrafe y expuso los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LOS $30,000.00 CONSIGNADOS ERAN UN BIEN PRIVATIVO BASÁNDOSE EXCLUSIVAMENTE EN EL MEMORANDO DE DERECHO PRESENTADO POR LA PARTE DEMANDANTE POR SER DICHA DETERMINACIÓN CONTRARIA A DERECHO, QUE VIOLA EL DEBIDO PROCESO DE LEY Y NUESTRO ORDENAMIENTO JURÍDICO.
>
> **SEGUNDO ERROR:** ERRÓ Y ABUS[Ó] DE SU DISCRECIÓN EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA PARTE DEMANDADA SE "HABÍA CRUZADO DE BRAZOS DURANTE VARIOS MESES", ["]QUE NUNCA PRESENTÓ ESCRITO ALGUNO" Y QUE COMPARECIÓ "DE MANERA EN EXTREMO TARDÍA".

---

[17] Apéndice 1 del recurso.
[18] Apéndice 2 del recurso.

**TERCER ERROR:** ERRÓ Y ABUS[Ó] DE SU DISCRECIÓN EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA PARTE DEMANDADA NO LOGRÓ EVIDENCIAR QUE NI ELLA Y/O LA EXTINTA SOCIEDAD LEGAL DE GANANCIALES FUERON ACCIONISTAS DE LA CORPORACIÓN DH DISTRIBUTORS, INC. – QUIEN TAMPOCO FUE INCLUIDA COMO PARTE EN ESTE PLEITO CUANDO DESDE EL 2021 HABÍA DECIDIDO QUE LA RECLAMACIÓN SE DEBÍA LLEVAR EN UN CASO SEPARADO Y NO PERMITIÓ EL DESCUBRIMIENTO DE PRUEBA.

El apelado compareció oportunamente mediante su escrito titulado *Oposición al Recurso de Apelación*, por el cual quedó perfeccionado el recurso. Nos encontramos en posición de resolver.

**II**

**A**

De ordinario, se respetan las medidas procesales que los jueces toman en el ejercicio prudente de su discreción para dirigir y conducir los procedimientos que ante ellos se siguen. Los jueces del TPI gozan de amplia discreción para gobernar esos procedimientos. *Lluch v. España Service Sta.,* 117 DPR 729, 742 (1986). Gozan, además, de amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia, y están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos. *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1996), *Vellón v. Squibb Mfg., Inc.,* 117 DPR 838 (1986).

En ese sentido, se ha resuelto que "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News,* 151 DPR 649, 664 (2000). Debemos tener presente que los jueces de primera instancia están facultados con flexibilidad para lidiar con la tramitación de los asuntos judiciales. *E.L.A. v. Asoc. de Auditores*, 147 DPR

669, 681 (1999). Si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio. *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

Así, de ordinario, los tribunales apelativos no intervienen con las determinaciones de un foro primario relacionadas al descubrimiento de prueba y al manejo del caso, a menos que medie prejuicio, pasión, parcialidad o error manifiesto. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154-155 (2000). La deferencia al juicio y a la discreción del foro primario está cimentada en que los foros apelativos no pueden pretender disponer ni manejar el trámite ordinario de los casos que se ventilan ante el TPI. No existe duda de que dicho foro es el que mejor conoce las particularidades del caso y el que está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su disposición final, en consecución a la búsqueda de la verdad.

**B**

La Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V R. 23.1, dispone lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
>
> (a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.
> [...]

La citada regla establece una tónica liberal y amplia en cuanto a la utilización del descubrimiento, pues, basta que exista una posibilidad razonable de relación con el asunto en controversia, para que una materia

pueda ser objeto de descubrimiento de prueba. *Alfonso Brú v. Trane Export Inc.*, 155 DPR 158, 167 (2001); *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 40 (1986); *Rivera Alejandro v. Algarín*, 112 DPR 830, 834 (1982). Ciertamente, la liberalidad de nuestro sistema de descubrimiento de prueba pretende acelerar los procedimientos, favorecer las transacciones y evitar sorpresas en el juicio. *Lluch v. España Service Sta., supra*, pág. 743 (1986).

Nuestro ordenamiento procesal también concede amplia discreción al tribunal de instancia para reglamentar el descubrimiento de prueba, pues la Regla 23.1 solo establece dos limitaciones al mismo: (1) que la información objeto del descubrimiento no sea privilegiada; y (2) que esta sea pertinente al asunto en controversia. *Medina v. Merk Sharp & Dohme*, 135 DPR 716, 730-731 (1994); *Ortiz Rivera v. E.L.A., National Inc. Co.*, 125 DPR 65, 70 (1989); *General Electric v. Concessionaires Inc.*, *supra*, págs. 38-39.

Ahora bien, la jurisprudencia ha establecido que el descubrimiento de prueba puede ser ilimitado. Por ello, los tribunales de instancia están facultados por las Reglas de Procedimiento Civil para controlar su alcance tomando en consideración que la controversia se resuelva de una forma justa, rápida y económica. 32 LPRA Ap. V, R. 1. De este modo, al tribunal se le otorga la facultad de proteger a las partes u otras personas objetos del descubrimiento, de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. En estas instancias el tribunal podrá limitar el alcance y los mecanismos del descubrimiento de prueba a ser utilizados, de conformidad con la Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V R. 23.2. *General Electric v. Concessionaires, Inc., supra*, págs. 39-40. Por otro lado, la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, en lo pertinente a la controversia que nos ocupa, dispone lo siguiente:

> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal s[o]lo considerará las mociones que

contengan una certificación de la parte promovente **en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables**, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado o abogada de la parte adversa para resolver los asuntos que se plantean en la moción y que [e]stos han resultado infructuosos. (Énfasis nuestro).

Por su parte, la Regla 34.2, 32 LPRA Ap. V, R. 34.2, dispone que se podrá presentar una moción al amparo de la citada regla, en la que le solicite al Tribunal una orden para que se le obligue a la otra parte a descubrir lo que se solicita, luego de que la parte promovente **haya realizado los esfuerzos razonables y de buena fe con la parte adversa y esta se negare a descubrir lo solicitado**. El texto fiel de la ley lee como sigue:

Luego de que la parte promovente haya realizado con prontitud esfuerzos razonables y de buena fe con la parte adversa y ésta se niega a descubrir lo solicitado, la parte promovente de una moción bajo esta regla podrá requerir al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado, según se dispone a continuación.

(a) *Moción.* Si un(a) deponente se niega a contestar alguna pregunta que le sea hecha o sometida según lo dispuesto en las Reglas 27 y 28, o una corporación u organización deja de designar una persona según dispone la Regla 27.6, o una parte deja de contestar cualquier interrogatorio que se le haya sometido bajo la Regla 30, o si la parte en su contestación a una orden dictada bajo la Regla 31 deja de responder a la solicitud para efectuar una inspección o no permita efectuarla, la parte promovente podrá solicitar que se obligue a dicha parte a contestar o especificar lo solicitado, o que se dicte una orden para obligar a que se cumpla con la inspección solicitada. Cuando se tome la deposición de una persona mediante un examen oral, la parte proponente de la pregunta podrá completar el examen oral o suspenderlo, antes de solicitar la orden.

(b) *Respuesta evasiva o incompleta.* Para los propósitos de este inciso, una respuesta evasiva o incompleta se considerará como si se deja de contestar lo solicitado.

(c) *Concesión de gastos.* Si se declara —con lugar‖ la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, podrá imponer a la parte o deponente que incumplió, o a la parte o al abogado o abogada que haya aconsejado tal conducta, o a ambos, el pago a la parte promovente del importe de los gastos incurridos en la obtención de la orden, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto.

Si se declara —sin lugar la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, podrá imponer a la parte promovente o al abogado o abogada que la aconsejó, o a ambos, el pago a la parte o deponente que se opuso a la moción, del importe de los gastos razonables incurridos en la oposición a la moción, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para presentar la moción o que dentro de las circunstancias el pago de los gastos resultaría injusto.

Cuando las circunstancias lo justifiquen, el tribunal podrá prorratear los gastos incurridos entre las partes o las personas involucradas, o entre ambas.

**III**

La Sra. Muñiz López acude ante nosotros y alega que el TPI cometió tres errores al emitir su *Sentencia*. Por estar íntimamente relacionados entre sí los primeros dos señalamientos de error, discutiremos ambos de manera conjunta. Adelantamos que estos no fueron cometidos. Veamos.

De entrada, la apelante aduce que el hecho de que el TPI únicamente tomara en consideración el *Memorando de Derecho* sometido por el apelado es contrario a derecho por esto constituir una privación de propiedad a la apelante sin un debido proceso de ley. Argumentó también que el TPI abusó de su discreción al expresar que la apelante se había cruzado de brazos durante varios meses, que nunca presentó escrito alguno y compareció de manera extremadamente tardía. Pertinente a lo expuesto por la Sra. Muñiz López, rescatamos el hecho de que el TPI inicialmente otorgó a las partes hasta el 15 de junio de 2022 para someter sus respectivos escritos de memorandos de derecho. No obstante, fue el apelado quien único solicitó prórroga y esta fue concedida hasta el 22 de agosto de 2022. El memorando fue finalmente sometido el 28 de noviembre de 2022 por el apelado. La *Sentencia* del foro primario no fue emitida hasta meses después, el 25 de abril de 2024, y la apelante no presentó oposición alguna al memorando presentado a pesar de haber transcurrido un periodo de tiempo considerable donde tuvo amplia oportunidad para ripostar. Adicionalmente, en ningún momento el tribunal de instancia obstaculizó ni impidió que la apelante se expresara en cuanto a lo presentado por el

apelado. Incluso, en su discusión del error, la apelante alegó que el TPI no le concedió término para replicar al *Memorando de Derecho* sometido por el Sr. Ugobono Díaz, sino que guardó silencio. Lo anterior resulta ser un fundamento fútil puesto que la presentación de escritos ante un foro no está condicionado a la otorgación de un término. Subrayamos que el derecho es rogado. Además, recordemos que, como foro intermedio, debemos otorgarle a los tribunales de instancia nuestra mayor deferencia en el manejo de sus procesos, pues son estos quienes tienen las partes ante sí y están en mejor posición de tomar las decisiones adecuadas en aras de lograr una solución justa, rápida y económica de los casos. Al no mediar arbitrariedad ni un craso abuso de discreción de parte del TPI, no se justifica nuestra intervención.

Por otro lado, como tercer y último error, la apelante señala que el TPI igualmente abusó de su discreción al determinar que la Sra. Muñiz López no logró evidenciar que ella o la extinta sociedad legal de gananciales eran accionistas de la corporación DH Distributors ya que este no permitió el descubrimiento de prueba. En cuanto a este último error, hacemos referencia a la citada Regla 34 de Procedimiento Civil que forma parte del marco legal que regula el proceso de descubrimiento de prueba. El desarrollo de este mecanismo procesal se da esencialmente entre las partes y el tribunal se limita a intervenir en él a menos que ello sea necesario. Uno de estos supuestos es en caso de que la parte a quien se le solicita la información se oponga, y, de esto ocurrir, es imperioso que en la solicitud de intervención al tribunal se demuestren los esfuerzos realizados por la parte para conseguir la información solicitada. Un petitorio con fundamentos de tal naturaleza no fue presentado por la apelante.

En cuanto a lo relacionado con el alegado impedimento del descubrimiento de prueba, no surge del expediente que el TPI haya prohibido a la apelante de descubrir prueba alguna ni haya impedido la presentación de esta. En vista de todo lo anterior, no corresponde más que

conceder la merecida deferencia al foro primario de sus decisiones en cuanto al manejo de los casos que se ventilan en sus salas. Concluimos nuevamente que no hubo abuso de discreción alguno de parte del foro primario, por lo que no se cometió el tercer señalamiento de error.

Conforme a lo antes expuesto, la sentencia apelada merece nuestra deferencia.

**IV**

Por los fundamentos que anteceden, confirmamos el dictamen apelado.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones